UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UNITED STATES OF AMERICA            :   AMENDED PRELIMINARY
                                    :   ORDER OF FORFEITURE
            -v.-                    :   AS TO SPECIFIC PROPERTY/
                                    :   MONEY JUDGMENT
                                    :
DAVIT MIRZOYAN,                     :   10 Cr. 895 (PGG)
            Defendant.              :
                                    :
------------------------------------x

WHEREAS, on or about September 30, 2010, DAVIT MIRZOYAN (the "defendant"), among others, in a seven-count Indictment, 10 Cr. 895 (PGG) (the "Indictment"), with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count Two); conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count Three); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Four); conspiracy to commit fraud in connection with identity theft, in violation of 18 U.S.C. § 371 (Count Five); and conspiracy to commit credit card fraud, in violation of 18 U.S.C. § 1029(b) (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as Count One, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 1963, of the following: (a) all interests acquired and maintained in violation of 18 U.S.C. § 1962, (b) all interests in, securities of, claims against, or property or contractual rights of any kind affording a source of influence over, the enterprise

named and described in the Indictment in which the defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962, and (c) all property constituting, or derived from any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962; including, but not limited to, at least $25 million in United States currency, representing the total of the interests acquired and the gross proceeds obtained through the violation of 18 U.S.C. § 1962, and the following specific property, constituting or derived from proceeds obtained directly or indirectly from racketeering activity in violation of 18 U.S.C. § 1962, and certain properties;

WHEREAS, the Indictment included a forfeiture allegation as to Count Two, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 982(a)(7), of all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including, among other listed specific property, at least $37 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained a result of the offense charged in Count Two;

WHEREAS, the Indictment included a forfeiture allegation

as to Count Three, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), of any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense alleged in Count Three of the Indictment, including, among other listed specific property, at least $37 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained a result of the bank fraud conspiracy offense charged in Count Three of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 982(a)(1), of any property, real or personal, involved in the offense charged in Count Four, and any property traceable to such property, including but not limited to, among other listed specific property, at least $37 million in United States currency, in that such sum in aggregate is property representing the property involved in the offense, and traceable to such property;

WHEREAS, on or about May 1, 2012, the Government filed a Forfeiture Bill of Particulars providing notice that, among other property, the following property is subject to forfeiture as a result of the offenses alleged in Counts One through Four, Six and

Seven of the Indictment:

    a.    11-FBI-000450 Check # 9500003125 dated 10/15/2010 in the amount of $14,977.99 in funds held in Account # 0373168123 at Bank of America in the name of Davit Mirzoyan;

    b.    11-FBI-000463 Check # 111430130 in the amount of $11,110.94 dated 10/20/2010 held at Citibank in Account # 400221558545 in the name of Davit Mirzoyan;

    c.    11-FBI-000468 Check # 02509 in the amount of $165,686.07 dated 10/13/2010 from account # 310013763 at Canyon National Bank held in the name of Sanclair Corporation;

    d.    11-FBI-000471 Check # 4553048822 in the amount of $24,037.50 dated 10/29/2010 JP Morgan Chase Bank N.A. account # 770212892 held in the name of Shreveport Prime Care Inc.;

    e.    11-FBI-000473 Check # 4553048832 in the amount of $33,605.50 dated 10/29/2010, JP Morgan Chase Bank N.A. Account # 3402160274 held in the name of Lazarius And Company;

    f.    11-FBI-000474 Check # 4553048821 in the amount of $322.74 dated 10/29/2010 JP Morgan Chase Bank N.A. Account # 4401764702 held in the name of Davit Mirzoyan; and

    g.    11-FBI-000475 Check # 494023 in the amount of $293,575.47 dated 10/13/2010 Valley National Bank account # 0041368916 held in the name of Alter Family Inc.;

WHEREAS, on or about October 26, 2012, the defendant pled guilty to Counts One through Five of the Indictment;

WHEREAS, the Government asserts that the defendant personally obtained $2,000,000 in United States currency traceable

to the offenses charged in Counts One through Four of the Indictment, representing: (1) pursuant to 18 U.S.C. § 1963, (a) interests acquired and maintained in violation of 18 U.S.C. § 1962, (b) interests in, securities of, claims against, or property or contractual rights of any kind affording a source of influence over, the enterprise named and described in the Indictment in which the defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962, and (c) property constituting, or derived from any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962; (2) pursuant to 18 U.S.C. § 982(a)(7), property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count Two of the Indictment; (3) pursuant to 18 U.S.C. § 982(a)(2)(A), property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense alleged in Count Three of the Indictment; and (4) pursuant to 18 U.S.C. § 982(a)(1), property, real or personal, involved in the offense charged in Count Four, and any property traceable to such property;

WHEREAS, the Government seeks a $2,000,000 money judgment, pursuant to 18 U.S.C. §§ 982 and 1963, representing

proceeds traceable to the offenses charged in Counts One through Four of the Indictment that the defendant personally obtained;

WHEREAS, the Government asserts that following property is subject to forfeiture a result of the commission of the offenses alleged in Counts One through Four of the Indictment, pursuant to 18 U.S.C. §§ 982 and 1963:

- a. approximately $14,977.99 formerly held in Account number 0373168123 at Bank of America, in the name of Davit Mirzoyan;

- b. approximately $11,110.94 formerly held in Account number 400221558545 at Citibank, in the name of Davit Mirzoyan;

- c. approximately $165,686.07 formerly held in Account number 310013763 at Canyon National Bank, in the name of Sanclair Corporation;

- d. approximately $24,037.50 formerly held in Account number 770212892 at JP Morgan Chase Bank N.A., in the name of Shreveport Prime Care Inc.;

- e. approximately $33,605.50 formerly held in Account number 3402160274 at JP Morgan Chase Bank N.A., in the name of Lazarius And Company;

- f. approximately $322.74 formerly held in Account number 4401764702 at JP Morgan Chase Bank N.A., in the name of Davit Mirzoyan; and

- g. approximately $293,575.47 formerly held in Account number 0041368916 at Valley National Bank, in the name of Alter Family Inc.;

(items (a) through (g) together, are the "Specific Property");

WHEREAS, the Government is seeking forfeiture of the

Specific Property pursuant to: (1) 18 U.S.C. § 1963, representing (a) interests acquired and maintained in violation of 18 U.S.C. § 1962, (b) interests in, securities of, claims against, or property or contractual rights of any kind affording a source of influence over, the enterprise named and described in the Indictment in which the defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962, and (c) property constituting, or derived from any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962; (2) 18 U.S.C. § 982(a)(7), as property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count Two of the Indictment; (3) 18 U.S.C. § 982(a)(2)(A), as property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense alleged in Count Three of the Indictment; and (4) 18 U.S.C. § 982(a)(1), as property, real or personal, involved in the offense charged in Count Four, and any property traceable to such property;

WHEREAS, the Government asserts that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offenses charged in Counts One through Four of the Indictment

that the defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to 21 U.S.C. § 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

IT IS HEREBY ORDERED that:

1. As a result of the offenses charged in Counts One through Four of the Indictment, a money judgment in the amount of $2,000,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Indictment that the defendant personally obtained, shall be entered against the defendant.

2. As a result of the offenses charged in Counts One through Four of the Indictment, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment, this Order is final as to the defendant, DAVIT MIRZOYAN, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Specific Property and hold the Specific Property in its secure, custody and control.

7. Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture. Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant

to Title 21, United States Code, Section 853(n).

9. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney, Alexander J. Wilson, Chief, Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____  
THE HONORABLE PAUL G. GARDEPHE  
United States District Judge

Nov. 27, 2019  
DATE