UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
:
UNITED STATES OF AMERICA            :
:       **FINAL ORDER OF FORFEITURE**
           -v.-                      :
:       10 Cr. 895 (PGG)
DAVIT MIRZOYAN,                     :
:
                  Defendant.         :
:
------------------------------------ X

WHEREAS, on or about May 23, 2017, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 941), which ordered the forfeiture to the United States of all right, title and interest of DAVIT MIRZOYAN (the "Defendant") in the following property:

   a. $14,977.99 formerly held in account number 0373168123 at Bank of America, in the name of Davit Mirzoyan;

   b. $11,110.94 formerly held in account number 400221558545 at Citibank, in the name of Davit Mirzoyan;

   c. $165,686.07 formerly held in account number 310013763 at Canyon National Bank, in the name of Sanclair Corporation;

   d. $24,037.50 formerly held in account number 770212892 at JP Morgan Chase Bank N.A., in the name of Shreveport Prime Care Inc.;

   e. $33,605.50 formerly held in account number 3402160274 at JP Morgan Chase Bank N.A., in the name of Lazarius And Company;

   f. $322.74 formerly held in account number 4401764702 at JP Morgan Chase Bank N.A., in the name of Davit Mirzoyan; and

   g. $293,575.47 formerly held in account number 0041368916 at Valley National Bank, in the name of Alter Family Inc.;

(a. through g., collectively the "Specific Property");

WHEREAS, on or about December 4, 2019, this Court entered an Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Amended Order of Forfeiture") (D.E. 1008), imposing an amended money judgment in the amount of $2,000,000 in United States currency (the "Money Judgment") against the Defendant, and forfeiting all of the Defendant's right, title and interest in the Specific Property;

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Orders of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on June 6, 2017, for thirty (30) consecutive days, through July 5, 2017, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture

Actions and proof of such publication was filed with the Clerk of the Court on March 12, 2024 (D.E. 1020);

WHEREAS, on or about January 24, 2022, notice of the Amended Preliminary Order of Forfeiture was sent by certified mail, return receipt requested, to:

>  Anna Ter-Martirosyan
> c/o Seth Ginsberg, Esq.
> 299 Broadway Suite 1405
> New York, New York 10007; and
>
> Gayane Yeritsyan
> c/o Seth Ginsberg, Esq.
> 299 Broadway Suite 1405
> New York, New York 10007

(the "Noticed Parties");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant and the Noticed Parties are the only people and/or entities known by the Government to have a potential interest the Specific Property;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.	Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3.	The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
September 12, 2024

SO ORDERED:

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE